UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLONIAL SURETY COMPANY,<br><br>         Plaintiff,<br>v.<br><br>ALPHA SOFTWARE<br>CORPORATION,<br><br>         Defendant. | Civil Action No.<br><br>2:17-CV-01701-ES-SCM<br><br>**SUPPLEMENTAL OPINION ON PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT**<br><br>**[D.E. 70]** |

**STEVEN C. MANNION**, United States Magistrate Judge.

Plaintiff Colonial Surety Company's ("Colonial") moved for leave to file a second amended complaint to add Colonial Surety Agency, LLC ("Agency") as a plaintiff.[1] Defendant Alpha Software Corporation ("Alpha") opposed.[2] The parties met and conferred after the filing of the instant motion, and Colonial submitted an updated proposed second amended complaint.[3] The Court considered the parties' respective submissions and heard oral argument on April 16, 2019. For the reasons stated on the record, this Court issued an order on April 26, 2019 granting in part the motion for leave to file a second amended complaint.[4]

---

[1] (ECF Docket Entry ("D.E.") 70, Pl.'s Mot. to Amend Compl.). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] (D.E. 70-5, Def.'s Opp'n).

[3] (D.E. 80, Letter; D.E. 82, Proposed Second Am. Compl.).

[4] (D.E. 88, Order).

I.  **BACKGROUND AND PROCEDURAL HISTORY**[5]

In this breach of contract action, Colonial alleges that Alpha "induc[ed] Colonial to enter into a contract" under which excess payment of the contract price was made for computer services and Alpha "false[ly] represent[ed] to Colonial regarding Alpha's capabilities and the state of services Alpha was purportedly rendering."[6] Colonial further alleges that as a result of Alpha's failure to meet obligations under the contract, Colonial has suffered damages in excess of $778,000.[7]

Colonial filed its original complaint in this Court in March 2017.[8] In February 2018, Colonial moved to amend its complaint to add additional claims against Alpha.[9] The Court then administratively terminated the case and ordered the parties to mediation.[10] The parties were unable to resolve the case through mediation, and in June 2018, the Court reopened this matter.[11] In August 2018, this Court granted in part and denied in part Colonial's motion.[12] Thereafter, Colonial filed its amended complaint.[13]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of these motions only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 55, Am. Compl., at ¶¶ 2–3).

[7] (*Id.* at ¶¶ 77–78).

[8] (D.E. 1, Compl.).

[9] (D.E. 39, Pl.'s Mot. to Am. Compl.).

[10] (D.E. 46, Order).

[11] (D.E. 51, Order)

[12] (D.E. 53, Order).

[13] (D.E. 55, Am. Compl.).

In January 2019, Colonial filed the instant motion seeking to add Agency, Colonial's affiliate, as a plaintiff.[14] The Court provided the parties with an opportunity to meet and confer regarding a proposed pleading,[15] and ordered Colonial to submit jurisdictional affidavits concerning the addition of Agency as a plaintiff.[16] In March 2019, Colonial submitted a revised proposed second amended complaint, which "deleted the tort causes of action raised in the earlier proposed pleading by proposed additional plaintiff [Agency]; added allegations in further support of diversity jurisdiction; and, added additional factual allegations."[17] Alpha opposed the proposed pleading and contended it is unduly delayed and prejudicial to Alpha.[18]

The Court heard oral argument on April 16, 2019, and issued its bench opinion and order on April 26, 2019, granting in part the motion for leave to file a second amended complaint.[19]

## II. MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[20] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[21] Motions to amend are non-dispositive,[22] and decisions by magistrate judges must

---

[14] (D.E. 70, Pl.'s Mot. to Am. Compl.).

[15] (D.E. 72, Text Order).

[16] (D.E. 73, Order).

[17] (D.E. 80, Letter; D.E. 82, Proposed Second Am. Compl.).

[18] (D.E. 70-5, Def.'s Opp'n).

[19] (D.E. 88, Order).

[20] 28 U.S.C. § 636(b)(1)(A).

[21] L. Civ. R. 72.1(a)(1).

[22] *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998).

3

be upheld unless "clearly erroneous or contrary to law."[23]

## III. DISCUSSION & ANALYSIS

As an initial matter, the Court must determine whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure applies.[24] Although leave to amend under Rule 15 is generally freely given, Rule 16 requires a party to demonstrate "good cause."[25] Colonial filed its motion for leave to amend its first amended complaint after the February 2, 2018 deadline set by the Court,[26] and Alpha objects to the late filing. Colonial must therefore show "good cause" for its failure to comply with the supplemental scheduling order before the Court can consider its motion.[27]

### A. Rule 16 "Good Cause" Analysis

After amendments as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[28] Where deadlines for amending pleadings are the subject of a scheduling order and the deadlines have passed, the moving party must meet Rule 16's good cause standard to amend.[29] Whether good cause exists turns on the diligence of the moving

---

[23] 28 U.S.C. § 636(b)(1)(A).

[24] *See Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2–3 (D.N.J. Apr. 15, 2013) (internal citation omitted).

[25] *See id.* (internal citations omitted).

[26] (D.E. 32, Supp. Sched. Order, at ¶ 4.b).

[27] *See Assadourian v. Harb*, 430 F. App'x 79, 81 (3d Cir. 2011) (where deadlines fixed by the court's scheduling order expire, a party must show "good cause" under Rule 16(b) to amend).

[28] Fed. R. Civ. P. 15(a)(2).

[29] *White v. Smiths Detection, Inc., et al.*, No. 10-4078, 2013 WL 1845072, at *11 (D.N.J. Apr. 30, 2013) (citations omitted).

4

party.[30] The Court has the discretion to determine what kind of showing a party must make to satisfy the good cause requirement.[31]

Colonial asserts that only through a corporate designee's deposition in November 2018 and discovery did it learn that Alpha intended to claim as a defense that Agency—not Colonial—paid Alpha.[32] Alpha disagrees and asserts that a Colonial employee's deposition in July 2018 confirmed that Agency paid Alpha, but Colonial waited several months to request leave to amend its first amended complaint, which it filed after the July 2018 deposition.[33] The Court's February 2, 2018 deadline to amend pleadings passed under either rendition. Alpha also argues that Colonial knew when it filed its original complaint that Colonial had not paid Alpha, and Colonial made "[n]o reasonable inquiry" before that filing."[34]

Either way, it was not until November 28, 2018, that Alpha requested that this Court order that Colonial be bound by deposition testimony "that Colonial Surety Agency, LLC, and not Colonial Surety Company, paid Alpha."[35] Alpha did not contend that some payments were made by Agency and others by Colonial, but instead argued that all payments received by Alpha were made by Agency. Those were facts that contradicted Alpha's four admissions in its answer that "it performed work for Colonial and that Colonial paid some of Alpha's invoices."[36]

---

[30] *Schwartz v. Avis Rent a Car Sys., LLC*, No. 11-4052, 2013 WL 2182078, at *3 (D.N.J. May 20, 2013) (citations omitted).

[31] *Id.* (citations omitted).

[32] (D.E. 70-3, Pl.'s Br., at 2).

[33] (D.E. 70-5, Def.'s Opp'n, at 3).

[34] (*Id.*, at 1–4).

[35] (D.E. 66, Joint Dispute Letter, at 4–5).

[36] (D.E. 58, Answer to ¶¶ 40, 46, 49, & 117).

On December 18, 2018, Colonial wrote Alpha seeking consent for the amendment, allegedly as a result of the November 2018 deposition and events thereafter.[37] Although the July 2018 deposition revealed information contradictory to the complaint, neither party corrected their positions, and thus, Alpha shares any blame.

Alpha's answer to the amended complaint filed in September 2018 continued to accept that Colonial made payments to Alpha.[38] That was over a month and a half after the July 2018 deposition of a Colonial employee who confirmed that Agency paid Alpha. Both parties nonetheless continued through this litigation under that erroneous position and it was not until November/December 2018 that the parties demonstrated an appreciation for the significance that Agency had made the payments, not Colonial.

In accepting Colonial's account, it appears that Colonial took reasonably diligent steps to seek an amendment once it realized that Alpha would no longer agree that Colonial paid Alpha, but instead that Agency did. The November 2018 deposition led to this revelation. The Court finds that good cause exists.

**B. Rule 15 Analysis**

Although courts have broad discretion to decide motions to amend, Rule 15(a) mandates that courts should grant amendments "freely in the interests of justice."[39] This ensures that "a particular claim will be decided on the merits rather than on technicalities."[40] "Denial of leave to

---

[37] (D.E. 70-5, Def.'s Opp'n, Ex. 1; D.E. 70-3, Pl.'s Br., at 1).

[38] (D.E. 58, Answer to Am. Compl., at ¶¶ 40, 46, 49, 117).

[39] *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 15(a)(2).

[40] *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

6

amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility."[41] This list is not exhaustive. A court may "ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff."[42]

1. Futility

The Court will first address futility. "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."[43] Thus in determining futility the same legal standard employed under a Rule 12(b)(6) motion to dismiss is applied.[44] The Court takes "all pleaded allegations as true and view[s] them in a light most favorable to the plaintiff."[45] However, "the Court need not accept sweeping legal conclusions cast in the form of bald assertions, unwarranted inferences, or unsupported conclusions."[46] The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[47] "A claim has facial plausibility when the plaintiff

---

[41] *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

[42] *Id.* at 149–50.

[43] *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000).

[44] *See Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 488–89 (D.N.J. 2014) (citations omitted).

[45] *Winer Family Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007).

[46] *Gutwirth*, 38 F. Supp. 3d at 489 (internal citations and quotation marks omitted).

[47] *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

7

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[48]

Colonial seeks to add Agency as a plaintiff for Agency to assert Count I (breach of contract), Count II (breach of the implied covenant of good faith and fair dealing), and Count III (unjust enrichment) against Alpha.

As to breach of contract and breach of the implied covenant of good faith and fair dealing, Agency cannot maintain these causes of action. To state a claim for breach of contract under New Jersey law, a plaintiff must "allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations."[49] Colonial, not Agency, contracted with Alpha, and Colonial affirms this in its proposed amendment by stating "Alpha and Colonial entered into a binding contract."[50] Agency paid Alpha in relation to the contract between Colonial and Alpha, but Agency was not contractually obligated to pay, as that obligation lied solely with Colonial. Alpha did not enter into a binding contract with Agency—only with Colonial. Without being a party to the at-issue contract, Agency has no grounds to bring these causes of action, and thus such an amendment is futile.

Regarding unjust enrichment, it would not be futile for Agency to pursue this cause of action. In accepting the pleaded allegations as true,[51] Agency's payment to Alpha in excess of

---

[48] *Matthews v. New Jersey Inst. of Tech.*, 717 F. Supp. 2d 447, 451 (D.N.J. 2010) (quoting *Ashcroft*, 556 U.S. at 662).

[49] *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc*., 210 F. Supp. 2d 552, 561 (D.N.J. 2002)).

[50] (*See* D.E. 82, Proposed Second Am. Compl., at ¶ 92).

[51] *See Gutwirth*, 38 F. Supp. 3d at 489.

8

Colonial and Alpha's contract price and Alpha's incompliance with the contract may have unjustly enriched Alpha. The doctrine of unjust enrichment is a quasi-contract theory.[52] It permits a plaintiff to allege that a defendant received a benefit from the plaintiff, and retention of that benefit is inequitable.[53] However, "[a] claim of unjust enrichment will not stand when 'an express contract exists concerning the identical subject matter.'"[54] As discussed above, there is no express contract between Agency and Alpha, but as the payor and an affiliate of Colonial, it would not be futile to allow the amendment as to Agency's claim for unjust enrichment.

Also, Alpha alleges that Colonial has not pled a basis for jurisdiction, thus requiring extensive discovery and prejudicing Alpha.[55] This case is premised on diversity of citizenship. In its updated proposed amendment, Colonial includes information regarding jurisdiction and Agency's structure. Colonial states that Agency is a limited liability company with one individual member and a trust formed under the laws of Connecticut.[56] Colonial submitted jurisdictional affidavits as to members of the trust.[57] At this stage, it appears that diversity jurisdiction is maintained. Colonial sufficiently pleads a jurisdictional basis for Agency, and the Court anticipates that any necessary discovery on the matter will be minimal.

---

[52] *Davis v. Bankers Life & Cas. Co.*, No. 15-3559, 2016 WL 7668452, at *12 (D.N.J. Dec. 23, 2016).

[53] *Id*. (citations omitted).

[54] *Spano v. JP Morgan Chase Bank, NA*, 521 Fed. Appx. 66, 70 (3d Cir. 2013) (quoting *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.,* 716 F.2d 220, 226–27 (3d Cir. 1983)).

[55] (D.E. 70-5, Def.'s Opp'n, at 1–2).

[56] (D.E.82, Proposed Second Am. Compl., at ¶¶ 9–10, 12).

[57] (D.E. 74, Certs.).

If after jurisdictional discovery Alpha determines that this Court lacks complete diversity, it can move for dismissal at that time.

2. Undue Delay

Next, I address Alpha's undue delay argument. "Undue delay" recognizes there is a gap between when an amendment is possible and when it is sought.[58] Delay "that is protracted and unjustified—can place a burden on the court or counterparty, or can indicate a lack of diligence sufficient to justify a discretionary denial of leave."[59] There is "no presumptive period in which … delay becomes 'undue,' the question of undue delay requires that we focus on the movant's reasons for not amending sooner."[60]

Colonial filed the instant motion nearly two years after filing its original complaint and nearly a year since moving for leave to file its first amended complaint, but neither of those dates are significant in light of Alpha's admission to facts which it also knew were erroneous. Judicial admissions from a clear and unambiguous statement in the complaint are binding on the party who made them.[61] "When a statement meets such a threshold, 'even if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions.'"[62]

---

[58] *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017).

[59] *Id.*

[60] *Id.* (citations and internal quotation marks omitted).

[61] *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988); *see also Elec. Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 405 (D.N.J. 2000).

[62] *Elec. Mobility Corp.*, 87 F. Supp. 2d at 405 (quoting *Missouri Housing Dev. Comm'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir.1990)).

Here, Colonial's amended complaint alleged that it made payments to Alpha pursuant to the parties' agreement.[63] Facts which Alpha now disputes though it admitted four times in its answer that "it performed work for Colonial and that Colonial paid some of Alpha's invoices."[64] Alpha is bound by those admissions despite the evidence to the contrary.[65] It nonetheless only made clear that it will seek to contradict its admissions after the November 2018 deposition. Not long thereafter, Colonial sought Alpha's consent in December 2018 to join Agency as a party.

The Court therefore finds that Colonial's delay is not undue. The amendment does not add new facts that were unknown to Alpha or require Alpha to expend significant additional resources for discovery. In fact, the litigation, expenses, and delays would be multiplied if Agency were forced to pursue a separate action.

3. Prejudice

The factors considered for an amendment are not equal because prejudice to the non-movant is the touchstone for denial.[66] Courts should deny leave to amend a complaint based on undue delay if the non-moving party is prejudiced.[67] To establish prejudice created by an untimely receipt of the proposed amendment, the non-moving party must do more than simply claim prejudice.[68] The party opposing amendment "must show that it was unfairly disadvantaged or

---

[63] (D.E. 55, Am. Compl. ¶¶ 40, 46, 49, & 117).

[64] (D.E. 58, Answer to ¶¶ 40, 46, 49, & 117).

[65] *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 377 (3d Cir. 2007), as amended (Oct. 12, 2007) ("Judicial estoppel prevents a party from 'playing fast and loose with the courts' by adopting conflicting positions in … different stages of the same proceeding").

[66] *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017).

[67] *Cincerella v. Egg Harbor Twp. Police Dept.,* No. 06-1183, 2007 WL 2682965, at *2 (D.N.J. Sept. 6, 2007).

[68] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

11

deprived of the opportunity to present facts or evidence which it would have offered had the [plaintiff's] amendments been timely."[69] The Third Circuit has acknowledged that although "[t]he exact nature and degree of prejudice necessary for denial of an amendment is not readily susceptible to a precise formula, . . . the defendants must show that the amendment would adversely affect their ability to defend adequately the case."[70]

Alpha argues that it will be prejudiced by an amendment because it has already begun drafting its summary judgment motion based on extensive discovery, and the second amended complaint would delay the filing of its motion to allow for more discovery.[71] These claims of prejudice, however, would have applied even if Colonial were quicker in appreciating its mistake in not including Agency in the first amended complaint. With regard to a similar claim of prejudice, the *Mullin* Court stated, "we view the 'delay' complained of here as referring to the pendency of the litigation as a whole and not to the delay in seeking to amend once the [reason for amendment was discovered]."[72]

Alpha shares some blame for its answer and answer to the amended complaint both accepted as true that Colonial had made the payments to Alpha, though it also knew otherwise. The gap between its abandonment of that position in November 2018 and Colonial's December 18, 2018 request to amend on consent is minimal and the Court finds is not prejudicial to Alpha.

---

[69] *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous, of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir. 1969)).

[70] *Johnson v. Trueblood*, 629 F.2d 287, 297 (3d Cir. 1980).

[71] (D.E. 70-5, Def.'s Opp'n, at 1–3).

[72] *Mullin*, 875 F.3d at 156.

4. Judicial Economy

"Judicial economy is an equitable consideration that can be considered in deciding whether amendment should be allowed. . . . Considerations include judicial efficiency and effective case management."[73]

Alpha's counsel agreed at oral argument that if the amendment is denied, a new case can be filed, and Colonial will seek to consolidate the two related cases. Nevertheless, Alpha hopes to divide and conquer Colonial and Agency by keeping their claims in separate cases because it is possible that neither can prevail without the other.

Despite the delay that would result from this amendment, judicial economy will be served by having all claims by all parties arising out of the same transaction, i.e., the entire controversy, litigated before a single judge. It is more likely that a final resolution or settlement will be possible if Colonial and Agency's claims are brought within one case, as Colonial intended and, but for a mistake, would have occurred from the outset.

This is the course also commanded by Rule 1 which requires that each of the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

---

[73] *Id*. at 157.

## IV. CONCLUSION

For the foregoing reasons, Colonial's motion for leave to file a second amended complaint is **GRANTED** in part and **DENIED** in part.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

5/16/2019 1:25:47 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
    File